UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN M. ALDINI,

        Plaintiff,                        Case No. 12-13641

v.                                              Paul D. Borman
                                              United States District Judge

KROGER COMPANY OF MICHIGAN,

        Defendant.

_____/

OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT (ECF NO. 18)

This action arises from Plaintiff's allegations of discrimination, retaliation and harassment by his employer. Plaintiff John M. Aldini ("Plaintiff") originally filed the Complaint in Macomb County Circuit Court on May 29, 2012. (Dkt. No. 1). The Defendant Kroger Company of Michigan ("Defendant") removed the action to this Court on August 16, 2012.

Currently pending before the Court is Defendant's Motion for Summary Judgment. Oral argument was previously held and the parties indicated that they were going to engage in settlement talks and/or engage in an interactive process regarding a possible accommodation for Plaintiff. Thereafter, Plaintiff filed the instant Motion for Leave to File First Amended Complaint. (ECF No. 18). Defendant's filed its Response brief opposing the filing of an Amended Complaint. (ECF No. 22). Plaintiff failed to attach a proposed Amended Complaint to her motion to amend as required by the local rules and has not filed a Reply.

For the reasons set forth below, the Court denies Plaintiff's untimely request to amend the complaint in this matter.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) states that leave to amend is "freely" granted "when justice so requires". FED. R. CIV. P. 15(a). However, a court need not grant leave to amend when the proposed amendment would be futile, result in undue dely, or is brought in bad faith. *See Murphy v. Grenier*, 406 F. App'x 972, 977 (6th Cir. 2011). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

## II. ANALYSIS

Plaintiff seeks to amend his May 21, 2012 complaint to include new facts and allegations based on the interactions of Plaintiff and Defendant since late January and February 2014. Plaintiff attempted to bring forth these facts at the hearing on Defendant's motion for summary judgment and the Court advised Plaintiff on the record that any ongoing issues between the parties were not before the Court and not pertinent to the summary judgment motion.

Plaintiff's instant motion to amend states that Plaintiff's pain as a result of his medical conditions worsened in late December 2013 and January 2014. (ECF No. 18, ¶ 6). Plaintiff at that time was still working as a meat clerk for Defendant. As a result of Plaintiff's increased pain in late 2013 and early 2014, Plaintiff submitted a doctor's note to Defendant that stated Plaintiff's "discomfort could possibly be improved if reasonable accommodations could be provided while at work. Specifically, being allowed a short break at the peak of painful symptoms and limiting lifting to 10 pounds." (Ex. 2, 1/24/14 Doctor's Letter). Plaintiff's doctor also advised that plaintiff's "painful foot condition has not responded to treatment and further surgery is not indicated, thus is

chronic. Any accommodations that could be provided would thus be needed indefinitely." (*Id*.).

In February 2014, Plaintiff's counsel and Defendant's previous counsel met to engage in the "interactive process" as required under the ADA. (Pl.'s Mot., ¶ 9). Defendant indicated during this process that it needed to know how frequently Plaintiff would need breaks and the length of the breaks needed. (*Id*., ¶ 10). Plaintiff's doctor thereafter submitted a second letter indicating that the breaks would be 3 to 4 times a day for 8 to 10 minutes at a time to alleviate Plaintiff's foot pain. (*Id*., ¶ 11). After Plaintiff submitted this second letter, Defendant was "put off work" for the reason that Plaintiff could not perform the job with his current restrictions. (*Id*., ¶ 12). Thereafter, Defendant notified Plaintiff that he was on an unauthorized leave of absence. (*Id*., ¶ 13, Ex. 5). Both Plaintiff's attorney and Plaintiff sent letters to Defendant seeking to clarify that Plaintiff was not on unauthorized leave and requesting that Defendant grant Plaintiff his requested accommodations. (*Id*., ¶¶ 14, 15, Exs. 6 & 7).

By a letter dated April 24, 2014, Defendant advised Plaintiff that his unauthorized leave expired on February 5, 2014 and requested that Plaintiff submit a release to return to work or submit a request for an extension of his leave of absence. (Pl.'s Mot., ¶ 16, Ex. 8). Plaintiff submitted a handwritten letter in response providing that he was not refusing to perform his job and requesting he be allowed to work. (*Id*., ¶ 16, Ex. 8). On May 16, 2014, Defendant sent Plaintiff another letter noting that Plaintiff had failed to provide a doctor's note and requesting an estimate of the duration of his restrictions. (*Id*., Ex 9). Defendant warned Plaintiff in the letter that he had seven days to provide the requested information or be summarily terminated. (*Id*., Ex. 9). Plaintiff and his counsel both responded to this letter clarifying that Plaintiff was seeking accommodations and his condition is chronic. (*Id*., ¶¶ 19, 20).

Plaintiff therefore concludes in his motion that these more recent actions by Defendant subsequent to his submission of the January 2014 doctor's note "constitute ongoing violations of the Americans with Disabilities Act and the Michigan Persons with Disabilities Civil Rights Act." (*Id*., ¶ 21). Plaintiff further noted that Defendant's new counsel failed to concur in the motion to amend. (*Id*., ¶ 24).

Defendant argues that extreme delay in the filing of this motion to amend would cause undue delay and result in unfair prejudice where discovery closed months ago and a motion for summary judgment is currently pending with this Court. Defendant also argues that Plaintiff's claim is futile because Plaintiff has not properly filed an EEOC charge of discrimination regarding the new events. Finally, Defendant argues that Plaintiff's new claims are futile for the same reasons his original claims are futile as set forth in Defendant's motion for summary judgment.

First, the Court notes that Plaintiff has failed to attach a proposed First Amended Complaint in his motion as required by E.D. Mich. L.R. 15.1 and also did not file a reply to Defendant's response to his motion to amend. Further, it is clear that Plaintiff's motion to amend comes at a very late stage of the litigation. Discovery closed more than one year ago and a dispositive motion has been briefed and is currently pending before the Court. If the Court were to allow Plaintiff to amend his complaint, Defendant would suffer prejudice as it would be required to file a new answer, and discovery would have to be reopened regarding the new allegations. Additionally, Defendant would need to file a second motion for summary judgment in light of the new claims. *See Murphy*, 406 F. App'x at 976-77 (affirming lower court's denial of plaintiff's motion to amend when it came seven months after a summary judgment motion was filed and allowing an amendment was prejudicial to defendants who would been required to file new answers and resubmit their summary judgment

4

motion.).

Moreover, Plaintiff has failed to reply to Defendant's response - specifically Defendant's argument that his failure to file an EEOC charge on the new allegations renders his new ADA claims futile. Indeed, Plaintiff has failed to allege that he has exhausted his administrative remedies by filing a charge with the EEOC as required by 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5. *Marcum v. Oscar Mayer Foods Corp.*, 46 F. App'x 331, 333 (6th Cir. 2002) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000)). Accordingly, where Plaintiff has not exhausted his administrative remedies his federal claim would be futile.

Given the clear undue delay and the prejudice that Defendant would suffer coupled with the futility of Plaintiff's federal claim, the Court declines to grant Plaintiff's motion to amend.

### III. CONCLUSION

For all these reasons, the Court DENIES Plaintiff's Motion for Leave to file First Amended Complaint (ECF No. 18).

SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2014.

s/Deborah Tofil  
Case Manager